## SUPREME COURT.

In the matter of the application of BENJAMIN WELCH JR. agt.
JAMES M. COOK.

To give a justice of this court jurisdiction to grant an order, under the statute
(1 *R. S.* 124, § 50, 51, 52, 53), to compel the delivery over of the books
and papers of a public office, the applicant must show a *regular judgment
of ouster* in his favor.
In an action brought by the Attorney General in the name of the People to try
the right to a public office, his written stipulation made in the progress of
the cause, binds the individual claiming the right to such office equally as
if named a party, with the People.

*m*

This is an application on the part of Benjamin Welch Jr. for an
order against James M. Cook, to compel the said Cook to deliver
over to him, the said Welch, the books and papers in the custody
of the said Cook, belonging and appertaining to the office of
treasurer of the state of New York.

The application is founded upon a petition of the said Welch,
duly verified, setting forth, that at a general election held in this
state on the 4th day of November 1851, he was duly elected
treasurer of the state of New York; but that, notwithstanding
such election, the certificate of the state canvassers was given to
James M. Cook, who entered upon the duties of said office, and
continues to exercise the same. That on or about the 1st day
of January 1852, the People of this state, by L. S. Chatfield, their
attorney general, commenced an action in the Supreme Court in
the nature of a *quo warranto*, against the said Cook, founded on
the facts aforesaid. That the venue in said action was laid in
Tompkins county; and such proceedings were thereupon had,
that on the 30th day of September 1852, judgment was rendered
and duly perfected in said action, in favor of the said people, of
which the following is a copy:

SUPREME COURT—The People of the State of New York vs.
James M. Cook. Judgment September 30, 1852.

This cause having been tried on the issues of fact joined therein,
and the jury having found a verdict in favor of the plaintiffs, and

Welch agt. Cook.

that the defendant, James M. Cook, is guilty of usurping and intruding into, and unlawfully holding and exercising the office of treasurer of the state of New York, and that Benjamin Welch Jr. is rightfully entitled to the said office of treasurer of the state of New York, and to all the rights, franchises and emoluments thereof, and has been so entitled since the first day of January 1852. Now, on motion of Levi S. Chatfield, attorney-general of said state, it is adjudged that the said defendant, James M. Cook, is guilty of usurping, intruding into, and unlawfully holding and exercising the said office of treasurer of said state, and the rights and franchises appertaining thereto, since the first day of January 1852, and still does so unlawfully hold and exercise the same, and that he be, and is hereby excluded, ousted, and removed therefrom.

And it is further adjudged that the said Benjamin Welch Jr. is entitled to the said office of treasurer of the state of New York, and the rights, franchises, fees and emoluments thereof, and that he has been so entitled since the said first day of January 1852.

And it is further adjudged by the said court that the plaintiffs recover of the defendant the sum of twelve hundred eighty-two dollars and ninety-nine cents, costs and disbursements.

HORACE MACK, *Clerk.*

*State of New York, Tompkins County, Clerk's Office, ss :* I hereby certify that I have compared the foregoing copy of a judgment with the original record of judgment now remaining on file in this office, and with the record thereof, and that the same is a correct transcript therefrom, and of the whole of such original records.

In testimony whereof, I have hereunto set my hand and affixed [L. S.] the seal of the said county, at Ithaca, this first day of October, A. D. 1852.

EZRA WEAVER, *Dep'y Clerk, Clerk absent.*

The petition further states that the said Welch has taken the oath of office prescribed by law, and filed his bond, approved by the lieutenant governor and speaker of the house of assembly, according to the statute; and that on the 6th day of October 1852, he served on the said Cook a copy of said judgment, and demanded of him the books and papers in his custody as treasurer

of the state of New York, in any way appertaining to said office; and that the said Cook refused to deliver the same to him.

The said Cook, by affidavit, denied on his information and belief, that the said Welch was duly elected such treasurer at the election held on the said 4th day of November, 1851, and claimed that he had received the certificate of the state canvassers: and that it appeared by the official canvass of the said election that he had received a majority of votes (setting forth the amount given for him, and those given for Welch); that he had been declared duly elected; had taken the oath, and given the bond prescribed by law, and entered on the duties of the office, which he still continued to execute. That on the 6th day of October 1852, a copy of the paper (purporting to be a copy of judgment, as set forth in the petition of the said Welch) was served upon him, which was the only copy of a paper served upon him, except the petition of the said Welch, and the certificate and order to show cause. That thereupon, his attorneys, Learned and Wilson, in pursuance of former directions of this deponent, proceeded to take and complete the necessary steps to appeal to the Court of Appeals, from the judgment set forth in the petition; and that the said petition is the only notice of said judgment which has been served upon him.

William L. Learned, his attorney, swears that he was one of his attorneys in the action wherein the People were plaintiffs, and the said Cook defendant; and in which the alleged judgment was entered; that at the trial of the said action at the March Tompkins circuit, a stipulation was made and signed by the attorneys of the respective parties, of which the following is a copy, to wit:

" Supreme Court, Tompkins circuit, March 1852.   The People of the State of New York against James M. Cook.

The presiding judge on the trial of this cause having directed a verdict for the plaintiffs therein, which the jury rendered in pursuance of such direction:   It is hereby stipulated and agreed, that the defendant shall have thirty days in which to make and serve a bill of exceptions therein; and that the plaintiffs have the same time to make and serve amendments thereto, and that all proceedings on the part of the plaintiff shall be stayed until

Welch agt. Cook.

the decision of the Supreme Court shall be given upon the said bill of exceptions and the points raised therein. And it is further stipulated, that after judgment shall be perfected in said cause, and after said decision shall be made by said court, no execution or other proceeding shall be taken or had by the party in whose favor the decision shall be, until after the expiration of ten days from and after notice of said judgment being perfected shall be served on such defendant.

L. S. Chatfield, *Att'y Gen'l, for Pl'ff.*

Learned & Wilson, *Att'ys for Def't*

March 16, 1852.

That on the 6th day of October 1852, he sent by mail to the clerk of Tompkins county, an undertaking and notice of appeal in this case; and that on the 7th day of October 1852, he caused a copy of the said undertaking, with the accompanying affidavit of justification and acknowledgment, and the notice of appeal to be served on L. S. Chatfield, attorney-general for said plaintiffs in this action.

The deponent further stated in his affidavit, that, at the trial of the cause in Tompkins county, the court directed the jury to find a general verdict for the plaintiff; and ordered that the bill of exceptions made up in the cause by the defendant, be heard in the first instance at the general term; and that this was the only verdict given in the said action. That, after the trial of the said action, a bill of exceptions was taken and argued at the general term of the Supreme Court held in Delaware county; and that no judgment was given in said action until the decision of said bill of exceptions, at a general term of the Supreme Court in Cortland county, on the 14th day of September 1852; on which day a rule for judgment was entered (as deponent is informed by a certified copy thereof, and believes), and the same is not the judgment of which a copy has been served on the defendant, and contains no judgment of ouster. The deponent further says, that there can be no authority for entering the judgment dated September 30th, 1852, other than said verdict and rule.

L. S. Chatfield, *for Petitioner Welch.*

John C. Spencer, *for Cook.*

Welch agt. Cook

WATSON, Justice.—The writ of *quo warranto*, formerly in use to try the right of any person to an office to which another claimed he was not entitled, has been abolished, and the remedy by civil action substituted in its place (*Code of* 1851, § 428). In this action, the attorney-general, in addition to the statement of the cause of action, may also set forth in the complaint the name of the person rightfully entitled to the office, with the statement of his right thereto; and may arrest the person who has received the fees and emoluments of the office, and hold him to bail, with the same effect, and subject to the same rights and liabilities as in other civil actions (*Code,* § 435). Such were the proceedings in this case, and the judgment alleged to have been entered, was that the said Welch was entitled to the office, and that the said Cook was an intruder into the same. Upon the rendition of such a judgment, the provision of the Code is as follows:

" If the judgment be rendered upon the right of the person so alleged to be entitled, and the same be in favor of such person, he shall be entitled, after taking the oath of office, and executing such official bond as may be required by law, to take upon himself the execution of the office; and it shall be his duty, immediately thereafter, to demand of the defendant in the action, all the books and papers in his custody, or within his power, belonging to the office, from which he shall have been excluded.

" If the defendant shall refuse or neglect to deliver over such books or papers pursuant to the demand, he shall be deemed guilty of a misdemeanor; and the same proceedings shall be had, and with the same effect, to compel the delivery of such books and papers, as are prescribed in article five, title six, chapter six of the first part of the Revised Statutes."

The Revised Statutes give to the party in whose favor judgment has been rendered, the right to make complaint to the chancellor, any justice of the Supreme Court, any circuit judge, or the first judge of the county where the person so refusing shall reside; and if he shall be satisfied from the testimony offered, that any such books or papers are withheld, he shall grant an order, directing such person so refusing, to show cause before him, within some short and reasonable time, why he should not

be compelled to deliver the same. If upon an inquiry before such officer the person charged with withholding such books or papers, shall make affidavit that he has truly delivered over to his successor, all such books or papers in his custody, or appertaining to his office, within his knowledge, all further proceedings before such officer shall cease; and the person complained against shall be discharged. If he does not make such oath, then the officer shall by warrant, commit such person to the jail of the county, there to remain until he shall deliver such books and papers, or be otherwise discharged according to law (1 *R. S. p.* 124, § 50, 51, 52 and 53).

The first objection taken by the defendant to the proceedings is, to the jurisdiction of the court, on two grounds: one, that there is no evidence of any legal judgment in favor of the said Welch, that he is entitled to the office which he claims, or that the defendant is an intruder in the same, and should be ousted therefrom. As no proceedings to obtain the books and papers belonging to or appertaining to the treasurer's office can be instituted before me, unless a judgment has been rendered upon the right of the person alleged to be entitled thereto, and in his favor, it is important to look into the evidence of the existence of the judgment upon which the said Welch claims to be entitled to the books and papers belonging to the said office. He states in his petition, that "judgment was rendered and duly perfected in said action, on the 30th day of September 1852." In what court, or whether under the direction of a single judge at a special term, or at a general term, he does not state. Were there no affidavits to contradict this statement, I might presume, or take it for granted, that it was entered in some court authorized to have it entered therein. The copy of the judgment alleged to have been entered, as set forth in the petition, does not state where the cause was tried; before what court; or that any court ever authorized a judgment to be entered on the finding of the jury. So far as the petition goes, I am led to infer that the judgment was entered at once on the finding of the jury. But the affidavits of the defendant show that the cause was tried in the county of Tompkins; that the justice who tried it directed the jury to find a verdict for the plaintiff; and ordered that the bill of exceptions

Welch agt. Cook.

to be made up in the cause, be heard in the first instance at the general term.

The judgment upon the finding of the jury would not, in such a case, be correctly entered, until the general term of the Supreme Court had decided upon the bill of exceptions; and the judgment record, set out in the plaintiffs' petition, does not show that the bill of exceptions had ever been decided at the general term. But the defendant's affidavits go further and show that a decision was given upon the said bill of exceptions at a general term of the Supreme Court, in the county of Cortland, on the 14th day of September 1852; and that the same is not the judgment with a copy of which the defendant had been served, *and contains no judgment of ouster.* If this be so, then I have no jurisdiction in the matter. No proceedings to obtain the books and papers can be instituted, until a judgment of ouster has been regularly entered, against the person executing the duties of the office. It is said, on the part of the petitioner, that I have no right to inquire into the *regularity* of the judgment entered in favor of the petitioner. I have no proof before me of any judgment entered in his favor, showing his right to the office which he claims, except what his affidavit discloses; and it seems to me that if he can prove the existence of a judgment by affidavit, the party against whom he moves has an equal right to contradict its existence by affidavit. If the petitioner, then, relies upon the judgment record set forth in his petition, he is met with the objection interposed by the defendant, that

" Judgment upon an issue of law, not tried at a general term, or an issue of fact, or upon confession, or upon failure to answer (except where the clerk is authorized to enter the same by the first subdivision of section 246, and by section 284), shall in the first instance *be entered upon the direction of a single judge,* or report of referees, subject to review at the general term, on demand of either party as herein provided " (*Code,* § 278), or that " appeals in the Supreme Court shall be heard at a general term, either in the district embracing the county where the judgment *or order appealed from was entered,* or in a county adjoining that county; except, that where the judgment or order was en-

tered in the city and county of New York, the appeal shall be heard in the first district" (§ 346).

"Judgment upon the appeal shall be entered and docketed with the clerk in whose office the judgment roll is filed. When the appeal is heard in a county other than that where the judgment roll is filed, or is not from a judgment of a county court, the judgment upon the appeal shall be certified to the clerk with whom the roll is filed, to be there entered and docketed." There is nothing in the petition to show, that the judgment was entered under the direction of a single judge or at a general term. There is not even a caption to the record, to indicate whether it was entered at a general or a special term, and no certified judgment from the clerk of Cortland county; and yet in a case where so stringent a remedy is asked for, as to imprison the defendant, if he refuses to deliver the books and papers pertaining to his office, I am called upon to hold that the judgment upon which the petitioner moves is regular in the face of all these irregularities, or I might say illegalities.

Another objection of a grave character, to my jurisdiction is interposed: that the attorney-general, who acted for the people, whilst this cause was proceeding to try the rights of the contesting parties to this office, stipulated that "all proceedings on the part of the plaintiff shall be stayed, until the decision of the Supreme Court upon the bill of exceptions should be given, and judgment perfected thereon, and that no execution, *or other proceeding* shall be taken or had, *by the party in whose favor the decision shall be*, until after the expiration of ten days *from and after notice of said judgment being perfected shall be served on such defendant.*" This stipulation was not denied on the part of the attorney-general on the argument; but he insisted, that notwithstanding his stipulation, he could not stipulate away the rights of Mr. Welch; that in that action he represented the people, but that now he was counsel for Mr. Welch. If I understand the statute, which I have quoted in the former part of this opinion, he had a right to include Mr. Welch (who claimed the right to the office of treasurer), in the same action with Mr. Cook, whom it was alleged, *usurped* the office. The judgment

Welch agt. Cook.

record, in the same breath that it declares that Mr. Cook *usurps* the office, also asserts that Mr. Welch is *entitled* to it, and in this action the attorney-general represented *both parties.* He stipulated, therefore (among other things), for " *the party in whose favor judgment was rendered,*" " that no execution *or other proceedings should be taken or had,* until after the expiration of ten days *from and after* notice of said judgment being perfected, should be served on the defendant." He now moves on the part of Mr. Welch, the party in whose favor judgment was rendered, in a proceeding taken upon that judgment, to compel Mr. Cook to deliver over to him the books and papers belonging to the office of treasurer of the state, before the ten days have expired. This I consider a violation of that stipulation. The attorney-general having charge of that action, both on the part of the People, and on the part of the contestant, Mr. Welch, had a right to stipulate for the parties, whom he represented, how long the judgment to be pronounced by the Supreme Court upon the finding of the jury, should remain inoperative; and for what length of time the party, in whose favor it was rendered, should be precluded from taking any proceedings upon it. Having done so, and the party in whose favor judgment was rendered, having moved before ten days have expired (whether by the attorney-general as his counsel, or by any other counsel), he has taken these proceedings before he was warranted by the stipulation, and in consequence thereof, I have no jurisdiction in the case. This view of the case will save me the necessity of examining the points whether the appeal to the Court of Appeals by the defendant, suspends the operation of the judgment, so that no proceedings can be had thereon.

The motion to compel the defendant to deliver the books and papers to Mr. Welch, must be denied with $10 costs; but without prejudice to Mr. Welch, and with leave to renew the motion or new papers.